IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DONALD HOTH,<br><br>                    Appellant,<br>      v.<br><br>EDWARD HOTH,<br><br>                 Respondent. | No. 80284-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUN, J. — Donald Hoth, a beneficiary of the Living Trust of Carl L. and Ruth L. Hoth (Trust), petitioned for approval of an accounting of the Trust. He sought review of the actions of his brother Edward Hoth as trustee of the Trust, as trustee of two unrelated trusts, and in accordance with Edward's[1] power of attorney for their mother Ruth. He also petitioned for mediation under the Trust and Estate Dispute Resolution Act (TEDRA). In response, Edward produced declarations, an affidavit, and an accounting; but did not provide documents Donald sought and objected to mediation. At an initial hearing, the trial court approved the accounting and denied mediation. Donald appeals. We affirm.

<u>BACKGROUND</u>

Donald and Edward are brothers and beneficiaries of the Trust along with two other siblings. Their parents, Carl and Ruth, created the Trust to support themselves and acted as its trustees. Upon Carl's death, Ruth became the sole

---

[1] For clarity, we use the family members' first names. We intend no disrespect.

Citations and pin cites are based on the Westlaw online version of the cited material.

trustee. During this time, Edward gained power of attorney over Ruth's affairs and sold some of her assets. After Ruth died in June 2016, Edward was appointed as successor trustee of the Trust as well as two other family trusts.

In August 2016, Edward made final distributions from the two other trusts. Each sibling received an equal share, and they signed receipt and release forms waiving any claims against Edward in relation to those trusts. Only the Trust—which is at issue in this case—remained open.

In November 2017, Edward tried to dispense final distributions of the Trust in the amount of $33,880 per beneficiary in exchange for signed receipt and release forms. All siblings except Donald signed the form and received their final distribution. The only funds remaining in the Trust were Donald's share. On advice of counsel, Edward distributed half of Donald's share to him, retaining the other half plus an extra $800 for tax purposes. Edward planned to wait for Donald to sign the receipt and release form before distributing the remaining funds.

In June 2019, Donald petitioned the trial court to approve an accounting of the Trust; he sought to enforce the Trust by gaining access to source documents. Donald contended that Edward breached his fiduciary duty because he refused to provide financial documents about the Trust. Donald also sought review of Edward's actions as trustee of the two terminated trusts and when he had power of attorney for Ruth. He attached a declaration seeking documents, including

ledgers, from Edward.[2]  Donald also petitioned for mediation under TEDRA to "reconcile financial accounting" of the Trust.

The court noted an initial hearing for July 5, 2019.

Edward responded, providing declarations, an affidavit, and an accounting of the Trust.  But Edward did not give Donald any of the documents the latter requested.  Edward also objected to mediation in a separate response.

At the hearing, Edward was represented by counsel and Donald represented himself.  Donald complained that he had not received the documents that he had sought.  The trial court asked him multiple times what information he was seeking.  Donald did not identify what information about the Trust he was missing; he focused instead on issues relating to Edward's actions when he had power of attorney for Ruth.  Following this exchange, the trial court approved Edward's accounting.  The trial court also ordered that Edward's attorney fees arising from the petition be paid from the Trust assets.  Edward then requested that the trial court enter an order denying Donald's petition for mediation, which request the trial court granted at the same hearing.

Donald appeals the order approving accounting and the order denying mediation.

## ANALYSIS

A. Appeal of Denial of Mediation

Edward says RCW 11.96A.300 prohibits an appeal of the trial court's denial of mediation.  We disagree.

---

[2] Only one of the six requests involves the Trust.

3

"Our fundamental goal in statutory interpretation is to 'discern and implement the legislature's intent.'" O.S.T. v. Regence BlueShield, 181 Wn.2d 691, 696, 335 P.3d 416 (2014) (quoting State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007)). "If a statute's meaning is plain on its face, we 'give effect to that plain meaning as an expression of legislative intent.'" O.S.T., 181 Wn. 2d at 696 (quoting Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9–10, 43 P.3d 4 (2002)).

"The meaning of a statute is a question of law reviewed de novo." State ex rel. Citizens Against Tolls v. Murphy, 151 Wn.2d 226, 242, 88 P.3d 375 (2004).

Edward claims that RCW 11.96A.300(3) prohibits an appeal of the order denying mediation. But the plain language of the statute includes no such prohibition:

> If the written notice of mediation required in subsection (1)(b) of this section is timely filed and served by a party and another party objects to mediation, by petition or orally at the hearing, the court shall order that mediation proceed except for good cause shown. *Such order* shall not be subject to appeal or revision. If the court determines that the matter should not be subject to mediation, the court shall dispose of the matter by: (a) Deciding the matter at that hearing, (b) requiring arbitration, or (c) directing other judicial proceedings.

(Emphasis added.) Under the statute, a party may not appeal an order approving mediation. But the statute does not bar appeals of orders denying mediation.

4

B. Order of Rulings

Donald says the trial court erred by ruling on accounting before ruling on mediation.[3] We disagree.

We review de novo issues of statutory interpretation. Murphy, 151 Wn.2d at 242.

As mentioned above, RCW 11.96A.300 states: "If the court determines that the matter should not be subject to mediation, the court shall dispose of the matter by: (a) Deciding the matter at that hearing, (b) requiring arbitration, or (c) directing other judicial proceedings." Nothing in the statute requires that the *ruling* denying mediation must precede any other ruling. Notably, the rulings occurred at the same hearing. And Donald cites no case law to support his contention.

C. Explicit Finding of Good Cause

Donald says that the trial court erred in denying mediation without expressly considering whether there was good cause to do so.[4] Edward says that Donald waived this argument and, nevertheless, that the trial court did not err in so ruling. We agree with Edward.

---

[3] Donald did not assign error on this issue in violation of RAP 10.3. But because Donald's briefing makes his claim sufficiently clear, we have decided to address it. See Richardson v. Dep't of Labor & Indus., 6 Wn. App. 2d 896, 904–05, 432 P.3d 841, review denied, 193 Wn.2d 1009, 439 P.3d 1069 (2019) (considering the merits of an appeal, despite a failure to assign error, where the appellant's claims were clear in the briefing); RAP 1.2(a) ("[t]hese rules will be liberally interpreted to promote justice").

[4] Donald also says that Edward failed to substantially comply with TEDRA by not showing good cause. Donald did not assign error to this claim nor did he raise it below. See RAP 10.3, RAP 2.5. Thus, we decline to address this argument.

RAP 2.5(a) provides that we may decline to address a claim of error not raised in the trial court. During the trial court hearing, Donald did not raise good cause. Donald does not respond to Edward's claim of waiver. We thus conclude that he waived this argument.

But even assuming no waiver, we conclude that the trial court did not err in not making an express good cause determination.

Again, we review de novo issues of statutory interpretation. Murphy, 151 Wn.2d at 242.

RCW 11.96A.300(3) states that "the court shall order that mediation proceed except for good cause shown." Nothing in the statute or case law requires a trial court to expressly find good cause before it can deny mediation. The statute simply provides that a court may deny a request for mediation for good cause "shown." [5]

D. Accounting

Donald says that the trial court erred in approving Edward's accounting of the Trust, because the trial court based its decision on incomplete information. Edward responds that five out of Donald's six requests sought information

---

[5] In any event, the record shows good cause to dispense with mediation. Edward submitted documents demonstrating why mediation would not have succeeded. Correspondence between the parties show a combative relationship and that Donald does not trust Edward or his attorneys. Donald wrote to the Washington State Bar Association that Edward's lawyer's firm might have a policy of "bribing" or "paying some thugs" to intimidate any lawyer who tries to oppose them. Donald also accused Edward's attorney of being used by Edward in a scheme to intentionally breach his fiduciary duties. In doing so, he threatened the attorney with negative reviews, harassment, and more bar complaints.

unrelated to the Trust at issue and that he did provide the court with sufficient information to make a ruling. We agree with Edward.

The court in In re Estate of Fitzgerald noted that "TEDRA gives the trial court 'full and ample power and authority' to administer and settle all estate and trust matters . . . 'all to the end that the matters be expeditiously administered and settled by the court.'" 172 Wn. App. 437, 447–48, 294 P.3d 720 (2012) (quoting RCW 11.96A.020(1), (2)) (citing In re Irrevocable Trust of McKean, 144 Wn. App. 333, 343, 183 P.3d 317 (2008) (recognizing that TEDRA grants plenary powers to the trial court)). Noting this "broad grant of power" under TEDRA, the court in Fitzgerald applied an abuse of discretion standard to a trial court's denial of a continuance for discovery. 172 Wn. App. at 448. The Trustees Accounting Act states: "the court . . . after hearing all the evidence submitted shall determine the correctness of the account and the validity and propriety of all actions of the trustee or trustees . . . and shall render its decree either approving or disapproving the account." RCW 11.106.070. This indicates that the decision to approve an accounting is a discretionary one and must be reviewed as such. See also In re Estate of Mower, 193 Wn. App. 706, 727, 374 P.3d 180 (2016) (reviewing for abuse of discretion a trial court's award of attorney fees under TEDRA). Thus, we apply an abuse of discretion standard here. A trial court abuses its discretion if its decision is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." Barton v. Dep't of Transp., 178 Wn.2d 193, 215, 308 P.3d 597 (2013) (quoting Rivers v. Wash. State Conference of Mason Contractors, 145 Wn.2d 674, 684–85, 41 P.3d 1175 (2002)).

7

The trial court did not abuse its discretion in approving Edward's accounting of the Trust. Edward provided the court with an accounting on which the court could rule. He submitted declarations, an affidavit, and exhibits explaining the background of the family dispute and context about the two other trusts, which were terminated before this action arose. The accounting documents the incoming and outgoing funds, the closing of certain accounts, and detailed descriptions of each line item. The trial court noted that the expenses were those typical to a trust post-death (for example, burial expenses and final house bills). Edward also offered a detailed receipt regarding attorney fees. Based on the record, the trial court did not act unreasonably in approving the accounting.

Donald says that because Edward did not provide him, or the court, with the documents he sought in his petition, the court erred by ruling on an incomplete record. Donald stresses that the accounting Edward provided was Edward's own work and did not include source documents to corroborate the work. But most of the documents Donald sought were irrelevant for purposes of his petition. Five of the six requests concern the two trusts that had been closed or Edward's power of attorney for Ruth; only the second request—seeking source documents—concerned the Trust. And Donald cites no authority to support his argument that Edward was required to produce the requested documents, in the procedural circumstances of this case, before the trial court could approve the accounting. Nor does he raise any specific issue with the accounting that could be resolved by the production any of such documents.

8

Nothing in the record, aside from Donald's contentions, shows that Edward's accounting is untrustworthy.

Finally, Donald's conduct during the hearing appeared to show that even he does not believe the accounting of the Trust to be incomplete or untrustworthy. The trial court asked Donald what information he was seeking that was not already in the accounting. Donald responded that he was looking for information about Edward's actions from before their mother's death and before Edward was appointed as trustee of the Trust. The trial court explained that Edward's actions before he was appointed as trustee were not before the court and that the focus was on accounting for the remaining Trust. Donald then responded that he was not "really complaining about that." The trial court asked Donald again what information he was looking for, to which he responded by asking the court how to get the issue of Edward's discharge of his duties under power of attorney before the court. The court explained it could not give legal advice and tried to refocus on the issue of the Trust. Donald responded that he did not "really want to waste that much time on that issue."[6]

We conclude the trial court acted within its discretion in approving the accounting.

---

[6] Donald says that because he represented himself, he could not have been expected to provide a "meaningful objection" during the hearing. This argument suffers because he could articulate what information he was seeking in relation to Edward's power of attorney. Donald could have easily formed a similar objection to a lack of information about the Trust. See also Matter of Estate of Little, 9 Wn. App. 2d 262, 274 n.4, 444 P.3d 23, review denied sub nom. In re Estate of Little, 194 Wn.2d 1006, 451 P.3d 335 (2019) ("We hold a pro se litigant to the same standard as an attorney.").

E. Attorney Fees

Edward requests an award of attorney fees on appeal under RAP 18.9, or under RAP 18.1 along with RCW 11.96A.150. Donald responds that we should not award Edward attorney fees under RAP 18.9 because his appeal was not frivolous. Donald does not respond to Edward's request under RAP 18.1 and says that we should award Donald attorney fees under RCW 11.96A.150. We grant Edward's request under RAP 18.1.

Under RAP 18.1(a) we may award a party—who so requests—attorney fees if applicable law provides for such an award. Mower, 193 Wn. App. at 729. RCW 11.96A.150(1) states:

> The court may order . . . reasonable attorneys' fees, to be paid in such amount and in such manner as the court determines to be equitable. In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the . . . trust involved.

This section applies to appellate courts. Mower, 193 Wn. App. at 729. We may order that the fees be paid by any party to the proceedings or the assets of the trust involved. Id.

Though not an explicit requirement of RCW 11.96A.150, courts generally consider whether a party seeking attorney fees prevailed in the proceeding. See Foster v. Gilliam, 165 Wn. App. 33, 58, 268 P.3d 945 (2011) (awarding attorney fees because the party prevailed); In re Guardianship of Lamb, 154 Wn. App. 536, 549, 228 P.3d 32 (2009), aff'd, 173 Wn.2d 173, 265 P.3d 876 (2011) (denying attorney fees because the party did not prevail). Courts will generally

deny attorney fees if the litigation did not benefit the estate or trust. See Matter of Marital Tr. of Graham, 11 Wn. App. 2d 608, 615, 455 P.3d 187, review denied sub nom., 195 Wn.2d 1026, 466 P.3d 778 (2020). Courts may also consider whether a case presented "novel or unique issues." In re Estate of Stover, 178 Wn. App. 550, 564, 315 P.3d 579 (2013) (quoting Lamb, 173 Wn.2d at 198).

Edward has prevailed on appeal. Also, this litigation did not benefit the Trust. Finally, this litigation does not raise novel or unique issues, the resolution of which added benefit to the appeal. We award Edward reasonable attorney fees subject to his compliance with RAP 18.1(d).[7] We deny Donald's request for fees.

We affirm.

_____
Chun, J.

WE CONCUR:

_____        _____

---

[7] Because we award Edward attorney fees under RAP 18.1, we do not address his request for fees under RAP 18.9.